# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER, et al., | Case No. 1:14-cv-00431-LJO-SAB |
| Plaintiffs, | ORDER DENYING MOTIONS |
| v. | ECF NO. 17, 18 |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

On April 8, 2014, Plaintiffs Donna Porter and Lynn Porter ("Plaintiffs") filed a motion to strike Defendants' motions to dismiss and Plaintiffs filed a motion for a beneficiary statement pursuant to California Civil Code § 2943. (ECF Nos. 17, 18.)

The undersigned magistrate judge has jurisdiction to resolve the aforementioned motions pursuant to 28 U.S.C. § 636(b)(1)(A). See Local Rule 302. For the reasons set forth below, neither motion has any merit.

**I.**

**MOTION TO STRIKE**

Plaintiffs appear to raise two arguments in support of their motion to strike. First, Plaintiffs contend that the motions should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because it contains redundant, immaterial, impertinent, or scandalous matters. Second, Plaintiffs contend that the motions should be stricken pursuant to Federal Rule of Civil

Procedure 11 because they are unsigned.

Defendants' motions to dismiss argues that Plaintiffs' complaint must be dismissed because the facts alleged therein, even if they are accepted as true, fail to state any cognizable claims. While the Court will rule on the merits on Defendants' motion at a later date, at this point in time there is no suggestion that Defendants' motion is "redundant, immaterial, impertinent, or scandalous. The arguments raised in Plaintiff's motion to strike have no merit.

Further, both motions to dismiss from Defendants are properly signed. The motions are properly signed in electronic format pursuant to Local Rule 131. Plaintiffs offer no argument demonstrating otherwise. Accordingly, Plaintiffs' motion to strike will be denied. Moreover, Plaintiffs are reminded of their obligation under Local Rule 230 to file an opposition or statement of no opposition to Defendants' motion not less than fourteen (14) days preceding the noticed hearing date on Defendants' motions to dismiss.

## II.

## MOTION FOR A BENEFICIARY STATEMENT

Plaintiffs filed a motion for a beneficiary statement pursuant to California Civil Code § 2943. While Section 2943 authorizes an "entitled person" to demand a "payoff demand statement," the process outlined in Section 2943 in making such a demand does not require involvement of the Court. Accordingly, Plaintiffs' motion will be denied.[1]

## III.

## CONCLUSION AND ORDER

Based upon the foregoing, Plaintiffs' motion to strike and motion for beneficiary statement are denied. Moreover, given the meritless arguments raised in Plaintiffs' motions, the Court forewarns Plaintiffs that any frivolous arguments raised in any future motion, pleading or any other paper may result in the imposition of sanctions, including dismissal of this action. This impacted federal court does not have time or the luxury to address frivolous or meritless

---

[1] However, *assuming* that Plaintiffs are "entitled persons" who have a right to receive a payoff demand statement, that Defendants are the proper recipients of such a demand, and that Plaintiffs' motion can be construed as a proper demand, the Court's denial of Plaintiffs' motion does not relieve Defendants' obligation under Section 2943 to provide a payoff demand statement. The Court issues no opinion on whether Plaintiffs' demand was proper.

arguments.

       Accordingly, it is HEREBY ORDERED that:

1.     Plaintiffs' motion to strike is DENIED (ECF No. 17); and

2.     Plaintiffs' motion for beneficiary statement is DENIED (ECF No. 18).

IT IS SO ORDERED.

Dated:   **April 9, 2014**

UNITED STATES MAGISTRATE JUDGE