# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER, et al., | Case No. 1:14-cv-00431-LJO-SAB |
| Plaintiffs, | ORDER DENYING MOTION |
| v. | ECF NO. 21 |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

On April 23, 2014, Plaintiffs Donna Porter ("Plaintiff") filed a "Notice and Motion for Order to Show Cause why Order Denying Motion to Strike Should Not be Vacated Due to Lack of Subject Matter Jurisdiction Pursuant to 28 USC § 636(c)." (ECF No. 21.) Plaintiff argues that the magistrate's order on April 9, 2014 denying Plaintiff's motion to strike Defendant's motion to dismiss and Plaintiff's request for a beneficiary statement was improper because Plaintiff declined to consent to the jurisdiction for all purposes. (See ECF No. 19.)

Plaintiff misunderstands the authority of magistrate judges and the meaning of the consent form regarding magistrate judge authority. Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge possesses the authority to hear and decide any pretrial matter pending before the court, except for certain matters, such as motions for injunctive relief, for judgment on the pleadings, for summary judgment, etc. A magistrate judge possesses this authority to determine the matters delineated in Section 636(b)(1)(A) irrespective of whether the parties consent to the

1   magistrate judge's authority.

2   Furthermore, 28 U.S.C. § 636(c)(1) permits a magistrate judge to conduct any or all
3   proceedings in a jury or nonjury civil matter upon the consent of the parties. Accordingly, a
4   magistrate judge's authority to conduct all proceedings exists only if the parties consent. The
5   form filed by Plaintiff indicates that Plaintiff declines to consent to a magistrate judge
6   conducting all proceedings in this matter, but has no effect on the magistrate judge's authority to
7   hear and decide the matters delineated in Section 636(b)(1)(A). The motions decided by the
8   magistrate judge in the April 9, 2014 order fall within the category of matters delineated in
9   Section 636(b)(1)(A). Due to this Court's overwhelming caseload, all matters that can be
10  decided by a magistrate judge pursuant to 636(b)(1)(A) will be performed by a magistrate judge.
11  See Local Rule 302(a). Accordingly, the April 9, 2014 order was proper and within the
12  magistrate judge's authority.

13  Based upon the foregoing, Plaintiff's April 23, 2014 motion is DENIED.

IT IS SO ORDERED.

Dated:   **April 24, 2014**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE