UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER & LYNN PORTER,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | 1:14-CV-431-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION AND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL (DOC. 24)** |

## I. INTRODUCTION

Donna Porter and Lynn Porter ("Plaintiffs") filed an action against Defendants in Stanislaus County Superior Court, which was removed to this Court on March 25, 2014. Plaintiffs allege numerous causes of action against Defendants concerning Plaintiffs' default on their mortgage and the resultant trustee's sale of their home. Before the Court is Plaintiff's motion and application for leave to bring an interlocutory appeal of the Court's April 24, 2014 Order. For the reasons discussed below, Plaintiffs' motion is DENIED.

## II. PROCEDURAL BACKGROUND[1]

Pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiffs' case was assigned to Magistrate Judge Stanley A. Boone for pre-trial purposes. On April 8, 2014, Plaintiffs file a notice that they declined to proceed before Judge Boone. Doc. 19.

Also on April 8, 2014, Plaintiffs filed a motion to strike Defendants' motion to dismiss

---

[1] The facts underlying the parties' dispute and Plaintiffs' complaint are not discussed because they are not relevant to the disposition of Plaintiffs' pending motion.

1

Plaintiffs' complaint and a motion for a beneficiary statement under California Civil Code § 2943 ("section 2943"). On April 9, 2014, Judge Boone denied both motions. Doc. 20 ("Judge Boone's Order"). Judge Boone found Plaintiffs' motion to strike to be meritless and found that section 2943 did not require the Court's involvement. *Id.* at 2.

On April 24, 2014, Plaintiffs filed a motion requesting that the Court vacate Judge Boone's Order. Doc. 21. Plaintiffs also requested that the Court permit Plaintiffs to decline to proceed before Judge Boone and to proceed only before the Court. *Id.* On April 24, 2014, the Court declined Plaintiffs' requests because Judge Boone had authority under 28 U.S.C. § 636(b)(1)(A) to hear and decide the matters resolved in his Order. Doc. 22.

On May 1, 2014, Plaintiffs filed a motion and application for leave to bring an interlocutory appeal of the Court's April 24, 2014 Order under 28 U.S.C. § 1292(b) ("section 1292(b)"). Plaintiffs' one-page memorandum in support of the motion states "[u]pon the consent of **ALL** appearing parties, the Magistrate Judges are specifically designated to conduct any and all proceedings in any civil action in accordance with Fed.R.P.73." Doc. 24 at 2 (emphasis in original). Plaintiffs then quote verbatim Fed. R. Civ. P. 73(a)-(b)(2). Thus, it appears that Plaintiffs request leave to file an interlocutory appeal on the issue of whether Judge Boone had the authority to rule on the matters contained in his Order.

### III. DISCUSSION

Section 1292(b) permits appeal of a non-dispositive order with the consent of the district court and the court of appeals. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). A district court may permit the appeal of a non-dispositive order if (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may material advance the ultimate termination of the litigation. *Id.* All three of these elements must be satisfied. *Id.*

Here, there are simply no grounds, much less substantial grounds, for a difference of opinion. Plaintiffs argue that Judge Boone did not have the authority to rule on Plaintiffs' motions because Plaintiffs did not consent to jurisdiction for all purposes. The plain language of 28 U.S.C. § 636(b)(1)(A)

states that magistrate judges possess the authority to hear and decide "any pretrial matter pending before the court, except" certain enumerated matters. As stated in the Court's April 24, 2014 Order:

> [Section] 636(c)(1) permits a magistrate judge to conduct any or *all* proceedings in a jury or nonjury civil matter upon the consent of the parties. Accordingly, a magistrate judge's authority to conduct *all* proceedings exists only if the parties consent. The form filed by Plaintiff indicates that Plaintiff declines to consent to a magistrate judge conducting all proceedings in this matter, but has no effect on the magistrate judge's authority to hear and decide the matters delineated in Section 636(b)(1)(A).

Doc. 22 (emphasis in original) Plaintiffs do not allege that the motions resolved in Judge Boone's Order do not qualify as pretrial matters lawfully decided by a magistrate judge. Rather, Plaintiffs allege that Judge Boone did not have the authority to rule on those motions because Plaintiffs had not consented to jurisdiction for all purposes. Plaintiff has provided no support for this assertion. The Court finds that section 636(b)(1)(A) unmistakably provided Judge Boone with the authority to rule on and deny Plaintiffs' motions. Accordingly, Plaintiffs' motion for leave to file an interlocutory appeal is DENIED.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' May 1, 2014 motion is DENIED.

IT IS SO ORDERED.

Dated:   **May 5, 2014**          /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE