# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER, et al.,<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A., et al.,<br>Defendants. | Case No. 1:14-cv-00431-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTIONS TO DISMISS BE GRANTED<br><br>ECF NO. 6, 8<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On April 1, 2014, Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company filed a motion to dismiss. (ECF No. 6.) On April 2, 2014, Defendants Bank of America, N.A., Recontrust Company, N.A., Rosselin Rincon, Loryn Stone and Sunita Narayanan filed a motion to dismiss. Both motions contend that the complaint filed by Plaintiffs Donna Porter and Lynn Porter fails to state any cognizable claims.

The motions were referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. §636(b). The hearing on Defendants' motions took place on May 7, 2014. Plaintiffs Donna Porter and Lynn Porter appeared pro so on behalf of themselves. Attorney Thomas Andrew Woods appeared on behalf of Defendants Deutsche Bank National Trust Company and Select Portfolio Servicing, Inc. Attorney Joel C. Spann appeared on behalf of Defendants Bank of America, N.A., ReconTrust Company, N.A., Rosselin Rincon, Loryn Stone and Sunita Narayanan. For the reasons set forth below, the Court finds that

Plaintiffs' First Amended Complaint fails to state any cognizable claims and recommends that Defendants' motions to dismiss be granted.

**I.**

**BACKGROUND**

This action was removed to this Court from the Superior Court of the State of California for the County of Stanislaus on March 25, 2014. (ECF No. 1.) The operative pleading in this matter is the First Amended Complaint filed by Plaintiffs on February 2014 in state court.

Plaintiffs' First Amended Complaint alleges broad ranging misconduct by Defendants in connection with a mortgage on Plaintiffs' home. Plaintiffs allege that the "Mortgage Note" was a contract of adhesion because Plaintiffs were not given any opportunity to negotiate any of its terms or conditions. (First Am. Compl. ¶¶ 3-5.) Plaintiffs also contend that the terms of the mortgage are violated when the trustee or lender demand Plaintiffs to pay fees, including attorney's fees, appraisal fees, late charges, interest charges, etc. that are inflated or false. (First Am. Compl. ¶¶ 14-39.)

Plaintiffs also allege that the "purported lender/servicer" of the mortgage refused to work with Plaintiffs' by offering some form of repayment or modification that would have avoided foreclosure. (First Am. Compl. ¶¶ 41-48.) Plaintiffs further allege that the current banking institutions that claim to own the interest on the loan do not actually own any interest in the loan and therefore has no authority to foreclose on Plaintiffs' home. (First Am. Compl. ¶¶ 49-75.)

Plaintiffs raise numerous causes of action for fraudulent concealment (First Am. Compl. ¶¶ 174-182), intentional misrepresentation (First Am. Compl. ¶¶ 183-194), negligent misrepresentation (First Am. Compl. ¶¶ 195-202), violation of California Civil Code § 2923.5 (First Am. Compl. ¶¶ 203-207), unfair competition (First Am. Compl. ¶¶ 208-229), wrongful foreclosure (First Am. Compl. ¶¶ 287-297), breach of contract and "breach of security instrument" (First Am. Compl. ¶¶ 298-308), unjust enrichment (First Am. Compl. ¶¶ 309-315), civil conspiracy (First Am. Compl. ¶¶ 316-323), quiet title (First Am. Compl. ¶¶ 324-330), breach of the duty of good faith and fair dealing (First Am. Compl. ¶¶ 331-335), "slander of title" and conversion (First Am. Compl. ¶¶ 340-350), conversion (First Am. Compl. ¶¶ 342-350)

as well as several additional causes of action alleging various violations of California Civil Code § 17200, RESPA, RICO, etc. (First Am. Compl. ¶¶ 230-286, 336-339).

**II.**

**LEGAL STANDARDS FOR MOTIONS TO DISMISS**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

**III.**

**DISCUSSION**

**A. Plaintiffs' Failure to File an Opposition**

The Court notes that Plaintiffs have not filed a written opposition to Defendants' motions. This Court's Local Rules sets the briefing schedule which apply to motions. A copy of the Court's Local Rules can be found on the Court's website at http://www.caed.uscourts.gov/caednew/ by clicking the link for "Rules" then clicking the link for "Local Rules." Plaintiffs are hereby forewarned that they are subject to the rules set forth in the Local Rules.

Pursuant to Local Rule 230(c), a written opposition a motion must be filed no later than fourteen days prior to the date of the hearing on the motion. The Local Rules further provide that a party that does not wish to file a written opposition must still file a statement of non-opposition to the motion. Rule 230(c) further states that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed

by the party." Local Rule 230(c).

At the hearing, the Court allowed Plaintiffs to present their arguments despite their failure to file a written opposition required by Rule 230(c). Plaintiff did not address the arguments raised by Defendants in their motions and instead presented arguments pertaining to the Fair Debt Collections Act. However, the First Amended Complaint does not assert any causes of action under the Fair Debt Collections Act. Accordingly, Plaintiffs' arguments are not on point.

At the hearing, Plaintiffs represented to the Court that they did not file a written opposition because they did not understand court procedures. Pro se litigants have a right to self-representation in civil matters and must be granted meaningful access to the courts. Rand v. Rowland, 154 F.3d 952, 958 (9th Cir. 1998). Accordingly, the Court tolerates informalities from civil pro se litigants. Id.

However, Plaintiffs' litigation behavior in this action belies their alleged ignorance of the Court's procedural rules. Plaintiffs' filings demonstrate a greater understanding of courtroom procedures than claimed by Plaintiffs at the hearing. For example, Plaintiffs filed a motion to strike Defendants' motions on the basis that those motions violated Local Rule 131, which contradicts Plaintiffs' claim that they were ignorant of other aspects of the Local Rules, such as those establishing the briefing schedule for motions. Plaintiffs are hereby forewarned that the Court will not accept their alleged ignorance of the procedural rules as an excuse while their written papers exhibit awareness of those same procedural rules.

It is unclear whether Plaintiffs are feigning their ignorance of the Local Rules or whether Plaintiffs' written filings are being ghostwritten by a third party (attorney or otherwise). The practice of ghostwriting is disfavored by Courts. See, e.g., Makreas v. Moore Law Group, A.P.C., No. C-11-2406 MMC, 2012 WL 1458191 at * 3 (N.D. Cal. Apr. 26, 2012) (and cases cited therein). The practice of ghostwriting is disfavored for the reasons presented in this action: pro se litigants may ask Courts for leniency due to their lack of legal sophistication while at the same time receiving legal advice from another attorney. Allowing Plaintiffs to do this would grant them an unfair advantage over Defendants. Plaintiffs are forewarned that the Court regards the signing of a paper filed with the Court as an implied representation that the filed paper was

written by the signor. If the Court determines that Plaintiffs are making misrepresentations to the Court by submitting papers signed by Plaintiffs but actually written by someone else, Plaintiffs may be subject to sanctions.

**B. Plaintiffs' Failure to Provide a Short and Plain Statement of Their Claims**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The Federal Rules require that averments 'be simple, concise, and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). A pleading may not "contain[] prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs..." Id. 1178.

Plaintiffs' complaint violates Rule 8(a)(2) because it is neither short nor plain. The 78 page complaint is tediously long, disorganized, and alleges irrelevant background facts. Plaintiffs' complaint also confusingly alleges facts pertaining to hypothetical misconduct, such as Plaintiffs' long discourse complaining about the possibility that a banking institution might overcharge on certain fees and expenses relating to foreclosure. (See First Am. Compl. ¶¶ 14-39.) The First Amended Complaint is further convoluted by Plaintiffs' numerous, nonsensical, prolix, and redundant "causes of action." (See, e.g., First Am. Compl. ¶ 230-234 ("Seventh Cause of Action Conspiracy, Unjust Enrichment, and Emotional Distress and Violation of California Civil Codes 17200 & 1710 as well as Fraud Pursuant to and of the Common Laws of the State of California").) Further, the First Amended Complaint fails to give each individual defendant fair notice of the claims against them because Plaintiff provides few, if any, allegations regarding what each individual did.

Based upon the foregoing, the Court finds that the First Amended Complaint does not comply with Rule 8(a)(2) and the Court will therefore grant Defendants' motions to dismiss the First Amended Complaint.

**C. Plaintiffs' Fraud Claims**

Plaintiffs' complaint asserts claims for fraudulent concealment, intentional misrepresentation and negligent misrepresentation. For the reasons set forth below, Plaintiffs'

complaint does not state facts that support a cognizable claim on any of these theories.

The elements of a cause of action for fraudulent concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 (2011) (citing Kaldenbach v. Mutual of Omaha Life Ins. Co., 178 Cal. App. 4th 830, 850 (2009)). "There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Id. (quoting LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)) (internal quotations omitted).

Plaintiffs allege that Defendants concealed facts pertaining to their underwriting guidelines, their inflated appraisals of homes, the value of Plaintiffs' loan, and Plaintiffs' credit worthiness in an effort to pool and sell mortgages that Plaintiffs could not afford, which would result in foreclosures and "economic devastation." However, these facts do not support a cognizable claim for fraudulent concealment. First, Defendants do not owe Plaintiffs a duty to disclose facts pertaining to their alleged mortgage scheme. Bank of America Corp., 198 Cal. App. 4th at 872-73 (lender "had no independent duty to disclose to its borrowers its alleged intent to defraud its investors by selling them mortgage pools at inflated values."). Second, Plaintiffs' harm, i.e., the inability to make mortgage payments and the eventual foreclosure on their home, was not proximately caused by Defendants' actions. Id. at 873.

"The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the

plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages." West v. JPMorgan Chase Bank, N.A., 214 Cal. App. 4th 780, 792 (2013) (citing Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)). "The elements for negligent misrepresentation are the same except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true." Id. (citing Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc., 196 Cal. App. 4th 1559, 1573 (2011); National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc., 171 Cal. App. 4th 35, 50 (2009)).

Plaintiffs allege that Defendants "misled the public ... by falsely assuring them that Defendant(s) were primarily a prime quality mortgage lender, which had avoided the excesses of its competitors." (First Am. Compl. ¶ 184.) Plaintiffs' vague reference to false assurances is not sufficient to support a cognizable fraud or negligent misrepresentation claim. First, when state a fraud claim "a party must state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement applies to state-law causes of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). Plaintiffs' complaint is vague as to who made the fraudulent statements, what those statements were, when they were made, where they were made and how they were made. Accordingly, Plaintiffs' fraud claims fail.

Moreover, there are no allegations in Plaintiffs' complaint that support the conclusion that Plaintiffs' justifiably relied upon Defendants' statement. It is unclear how, exactly, Plaintiffs' relied upon Defendants' statements regarding the circumstances of the loan. Generally, "[a] commercial lender pursues its own economic interests in lending money" and "[a] lender 'owes no duty of care to the [borrowers] in approving their loan." Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 436 (2010) (citations omitted). "A lender is under no duty 'to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's. [Citations.]" Id. Accordingly, any reliance by Plaintiffs' on Defendants' statements

regarding the circumstances of the loan was unjustified.

**D. Plaintiffs' Claims Under California Civil Code § 2923.5**

Plaintiffs claim that Defendants violated California Civil Code § 2923.5. Section 2923.5 requires a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent to contact a borrower "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default against the borrower.

Defendants argue that Plaintiffs' Section 2923.5 fails because the statute was did not come into effect until January 1, 2013, the foreclosure process took place in August 2012, and the statute should not be applied retroactively. However, it appears that a version of Section 2923.5 was in effect as early as 2011. See Argueta v. J.P. Morgan Chase, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) (discussing communication requirements of Section 2923.5). Accordingly, the Court rejects Defendants' arguments.

However, Plaintiffs' allegations fail to support a claim under Section 2923.5. Plaintiffs admit that they were contacted by Defendants to discuss loan modification. (First Am. Compl. ¶ 40.) Plaintiffs further admit that they discussed their financial situation and requested modification with Defendants. (First Am. Compl. ¶ 41.) Plaintiffs contend that Defendants failed "to work with Plaintiffs in any reasonable way to avoid foreclosure" (First Am. Compl. ¶ 42) and failed to provide "specialized assistance and default loan servicing ... that comported with Plaintiff's ability to pay and that served to assist Plaintiff in their efforts to avoid the default and the acceleration of the subject mortgage debt and foreclosure" (First Am. Compl. ¶ 45).

However, Section 2923.5 does not require a lender to actually provide a loan modification—it only requires lender's to contact borrowers to discuss their options. See Skov v. U.S. Bank Nat. Assn., 207 Cal. App. 4th 690, 701 (2012); see also Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009). Nothing in Section 2923.5 suggests that Defendants must go beyond contact and provide Plaintiffs with any "specialized assistance and default loan servicing" or "assist Plaintiff in their efforts to avoid the default." Accordingly, Plaintiffs' claim under Section 2923.5 fails.

/ / /

**E. Plaintiffs' RESPA Claims**

Plaintiffs claim that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond, or providing incomplete responses, to certain "qualified written requests" ("QWR"). RESPA imposes a duty upon loan servicers to respond to QWRs within a certain time frame. 12 U.S.C. § 2605(e). However, under RESPA, a QWR must relate to servicing of the loan and inquiries regarding the validity of the loan are not subject to RESPA's requirements. Medrano v. Flagstar Bank, FSB, 704 F.3d 661, 666-67 (9th Cir. 2012).

Plaintiffs' complaint only vaguely alleges that Plaintiffs made inquiries regarding "information relative to their property and note." (First Am. Compl. ¶ 235.) Since Plaintiffs do not specifically allege that they made any inquiries regarding the servicing of their loan and their complaint predominantly challenges the validity of the loan, the Court finds that Plaintiffs have not allege sufficient facts to support a cognizable claim under RESPA.

**F. Plaintiffs' RICO Claims**

Plaintiffs attempt to assert a RICO claim against Defendants. "A civil RICO complaint must at least allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Clark v. Countrywide Home Loans, Inc., 732 F. Supp. 2d 1038, 1046 (E.D. Cal. 2010) (quoting Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 911 (E.D. Cal. 2006)) (internal quotations omitted); see also 18 U.S.C. § 1962. "A civil RICO claim must also comply with Rule 9(b)'s particularity requirement. Id.

Plaintiffs' complaint does not comply with Rule 9(b)'s particularity requirement, as it does not clearly set forth who was involved, what they did, when they did it, where the did it or how they did it. Moreover, Plaintiffs do not allege any activities which would qualify as "racketeering activities" within the meaning of RICO. See Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1201 (C.D. Cal. 2008) ("Racketeering activity is any act indictable under the provisions of 18 U.S.C. § 1961."). Plaintiffs do not allege any concrete financial injury that was proximately caused by Defendants' conduct. See Pedersen v. Greenpoint Mortg. Funding, Inc., 900 F. Supp. 2d 1071, 1082 (E.D. Cal. 2012) ("...the plaintiff must show that the injury was

proximately caused by the conduct and that he has suffered a concrete financial loss.”). Accordingly, Plaintiffs fail to state any claims under RICO.

**G. Plaintiffs’ Breach of Contract Claims**

Plaintiffs attempt to assert a breach of contract claim against Defendants. “[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff’s performance or excuse for nonperformance, (3) defendant’s breach, and (4) the resulting damages to the plaintiff.” Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)).

Plaintiffs’ breach of contract claim fails because Plaintiffs have admitted that they did not perform under the contract, as at some point in time they missed their loan payments. Further, Plaintiffs have not alleged any breach or resulting damages, as Plaintiffs have not alleged that Defendants made any attempt to collect on the alleged overcharged amounts for fees related to the foreclosure process and Plaintiffs have not alleged that they paid any amount of the allegedly overcharged fees. Based upon the foregoing, Plaintiffs’ breach of contract claim fails.

**H. Plaintiffs’ Slander of Title Claims**

Plaintiffs attempt to assert a slander of title claim against Defendants. “Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof some special pecuniary loss or damages.” Sumner Hill Homeowners’ Assn., Inc. v. Rio Mesa Holdings, LLC, 205 Cal. App. 4th 999, 1030 (2012) (quoting Fearon v. Fodera, 169 Cal. 370, 379-380 (1915)) (internal quotations omitted). “The elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss.” Id. (citing Truck Ins. Exchange v. Bennett, 53 Cal. App. 4th 75, 84 (1997); Howard v. Schaniel, 113 Cal. App. 3d 256, 263-64 n.2 (1980)).

Plaintiffs’ slander of title claim fails because Plaintiffs First Amended Complaint fails to allege sufficient facts regarding Defendants’ publication of any falsity pertaining to Plaintiffs’ home. Plaintiffs’ vaguely allege that Defendants falsely recorded “relevant instruments without privilege...” which rendered Plaintiffs’ home unmarketable. There is no allegation explaining

what these "relevant instruments" were. Assuming that Plaintiffs are referring to the Notice of Default, Plaintiffs do not explain how the notice was false, as Plaintiffs do not dispute that they were in default on their loan obligations. Plaintiffs also allege that the Notice of Default was recorded prior to a valid assignment of the loan to Defendants, but it is unclear how that procedural defect would render the notice itself to be false.

Furthermore, recordation of a notice of default is regarded as a privileged communication granting immunity to slander of title claims unless the recordation was done with malice. Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008). Plaintiffs' First Amended Complaint does not allege facts which plausibly support the conclusion that Defendants acted with malice. At most, Plaintiffs alleged that there was a minor procedural defect in the assignment of the underlying loan and deed of trust. Such facts do not support the conclusion that Defendants acted with ill will or reckless disregard for the truth of the notice of default. See id. at 344. Accordingly, Plaintiffs' claim for slander of title fails.

**I. Plaintiffs' Conversion Claims**

Plaintiffs attempt to assert a claim for conversion against Defendants. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." Plummer v. Day/Eisenberg, LLP, 184 Cal. App. 4th 38, 45 (2010) (citing Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 451-52 (1997)).

Plaintiffs fail to allege facts that plausibly support the conclusion that any conversion occurred. The First Amended Complaint does not allege that any foreclosure sale took place, suggesting that Plaintiffs remain in possession of their property. Plaintiffs' only vaguely allege that Defendants "through the use of fraud, robo-signing and similar methods converted Plaintiffs property into their own use and benefit." (First Am. Compl. ¶ 347.) Such conclusory allegations are not sufficient to support a cognizable claim under a conversion theory. See Baldoza v. Bank of America, N.A., No. C-12-05966 JCS, 2013 WL 978268, at *13 (N.D. Cal. Mar. 12, 2013) (and cases cited therein) ("District courts have consistently refused to find that a plaintiff can state a claim on the basis of a conclusory allegation of robo-signing, absent some factual

support.") Accordingly, Plaintiffs' conversion claim is premature as there has not yet been any disposition of property rights.

**J. Plaintiffs' Remaining Claims**

The Court notes the following defects common to Plaintiffs' claims. First, it is clear from the pleadings that no foreclosure sale has occurred yet. Accordingly, Plaintiffs' claims premised on wrongful foreclosure necessarily fail because there has been no foreclosure. See Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010).

Second, as a general proposition, a plaintiff in a suit for wrongful foreclosure is required to demonstrate that the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011). In this case, Plaintiff has not demonstrated any prejudice. Even assuming some irregularity existed during the transfer of the loan from one entity to another, Plaintiffs admit that they were in default and do not allege that the transfer of the loan from one entity to another interfered with Plaintiffs' ability to make payments on the loan. Plaintiffs suffer no apparent prejudice simply because some other financial institution may be the "true" owner of the loan or because of some procedural defect in the transfer. See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011) ("If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.").

**K. Leave to Amend**

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted). The Court finds that it is possible that Plaintiffs' claims may be cured by the allegation of other facts. Accordingly, the Court will dismiss Plaintiffs' claims with leave to amend.

/ / /

/ / /

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court finds that Plaintiffs' First Amended Complaint fails to state any cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss be GRANTED; and

2. Plaintiffs' First Amended Complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE