# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER, et al., | Case No. 1:14-cv-00431-LJO-SAB |
| Plaintiffs, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| BANK OF AMERICA, N.A, et a., | RESPONSE DUE BY OCTOBER 21, 2014 |
| Defendants. | |

Plaintiffs Donna Porter and Lynn Porter ("Plaintiffs") filed a First Amended Complaint on September 19, 2014. (ECF No. 41.) For the reasons set forth below, the Court will order Plaintiffs to show cause why this action should not be dismissed.

## I.

## BACKGROUND

This action was removed to this Court from the Superior Court of the State of California for the County of Stanislaus on March 25, 2014. (ECF No. 1.) On April 1, 2014, Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company filed a motion to dismiss. (ECF No. 6.) On April 2, 2014, Defendants Bank of America, N.A., Recontrust Company, N.A., Rosselin Rincon, Loryn Stone and Sunita Narayanan filed a motion to dismiss. (ECF No. 8.) The Court granted the motions to dismiss on June 12, 2014. (ECF No. 32.)

///

1

1    Plaintiffs filed a First Amended Complaint on September 19, 2014. (ECF No. 41.) The First Amended Complaint alleges that Plaintiffs were forced out of their home by Defendants, who foreclosed on Plaintiffs' home. Plaintiffs contend that Defendants failed to explore other options before foreclosing on Plaintiffs' home. Plaintiffs further contend that the underlying loan agreements and security instruments are void and unenforceable.

The residence at issue is located at 4249 Ellenwood Road in Oakdale, California. In 2009 and 2010, Plaintiff fell behind on the payments for the house. Plaintiffs further allege that their loan was securitized and aggregated into a loan pool, with security interests in the loan pool sold to investors. Plaintiffs contend that Defendants failed to disclose details regarding the securitization of their loan to Plaintiffs. Plaintiffs further contend that, as a result of the securitization, their mortgage has become unenforceable.

Plaintiffs also contend that Defendants violated California Civil Code § 2923.5 because they failed to explore options with Plaintiffs to avoid foreclosure. Plaintiffs further contend that Defendants violated California Civil Code § 2923.6 because they refused to implement a loan modification or workout plan. Plaintiffs allege that Defendants were obligated to implement a loan modification pursuant to Section 2923.6 whereby the principal balance of the loan is reduced to equal the fair market value of the property and the term of the loan is extended to 30 to 40 years at an interest rate of 3 to 4 percent or less. Plaintiff also contends that Defendants violated California Civil Code §§ 2924 and 2923.5 by not giving proper notice to Plaintiffs before attempting to foreclose on their home. Finally, Plaintiff argues that Defendants' actions in securitizing Plaintiffs' loan breached the loan agreement because the loan was transferred to a "non-person" or "non-entity."

**II.**

**DISCUSSION**

The Court notes that Plaintiffs' First Amended Complaint no longer raises any federal claims, thus raising the issue of whether this Court may exercise supplemental jurisdiction over the remaining state law claims. The original complaint in this action raised federal claims under the Real Estate Settlement Procedures Act ("RESPA") and the Racketeer Influenced and Corrupt

Organizations Act ("RICO"). The First Amended Complaint omits these claims.

Under 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, the Court may decline to exercise supplemental jurisdiction over pendent state law claims if the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the "usual case," the balance of factors, including judicial economy, convenience, fairness, and comity, will point toward declining to exercise jurisdiction over remaining state law claims after the all federal law claims are dismissed. Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008). Further, supplemental jurisdiction does not exist if the underlying federal claims "were absolutely devoid of merit or obviously frivolous." Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008); Gilder v. PGA Tour, Inc. 936 F.2d 417, 421 (9th Cir. 1991).

Accordingly, two grounds exist to dismiss this action. First, it appears that jurisdiction is lacking because the federal claims that would have established the necessary predicate to supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) were absolutely devoid of merit or obviously frivolous. As reference, the Court's May 7, 2014 Findings and Recommendations sets forth the defects in Plaintiffs' federal claims. Furthermore, even if the federal claims were not insubstantial, the Court may decline to exercise supplemental jurisdiction over the state law claims asserted in the First Amended Complaint because the federal claims were dismissed. For these reasons, the Court will order Plaintiff to show cause why this action should not be dismissed.

## III.

## CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that Plaintiffs shall SHOW CAUSE why this action should not be dismissed for lack of jurisdiction and SHOW CAUSE why the Court should exercise supplemental jurisdiction over the state law claims raised in the First Amended Complaint. Plaintiffs' written response to this order to show cause shall be filed on or before

1 October 21, 2014.  Plaintiffs are forewarned that the failure to file a written response to this order
2 to show cause will result in the dismissal of this action.  Defendants may file a responsive brief
3 on or before October 28, 2014.

IT IS SO ORDERED.

Dated:   **September 30, 2014**

UNITED STATES MAGISTRATE JUDGE