# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA PORTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | Case No. 1:14-cv-00431-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED FOR LACK OF JURISDICTION AND THAT DEFENDANTS' MOTIONS TO DISMISS BE DENIED<br><br>ECF NO. 43, 45, 51<br><br>OBJECTIONS DUE JANUARY 5, 2015 |

On September 30, 2014, the Court ordered Plaintiffs Donna Porter and Lynn Porter to show cause why this action should not be dismissed for lack of jurisdiction. (ECF No. 42.) On October 6, 2014 and October 7, 2014, Defendants in this action filed two motions to dismiss. (ECF Nos. 43, 45.) On November 18, 2014, Plaintiffs filed a motion to remand this action. (ECF No. 51.)

The hearing on Defendants' motions to dismiss took place on November 19, 2014. Thomas Woods appeared telephonically on behalf of Defendants Deutsche Bank National Trust Company and Select Portfolio Servicing, Inc. Joel Span appeared telephonically on behalf of Defendants Bank of America, N.A., Sunita Narayanan, ReconTrust Company, N.A., Rosselin Rincon, and Loryn Stone. Plaintiff Donna Porter appeared pro se and telephonically. For the

1

reasons set forth below, the Court recommends that this action be remanded to state court because this Court lacks jurisdiction over Plaintiffs' claims.  The Court further recommends that Defendants' motions to dismiss be denied because the Court lacks jurisdiction over this action and therefore lacks the authority to rule on the merits of Plaintiffs' claims.  The Court further finds that the matter is suitable for decision without need for further oral argument and vacates the hearing set for December 23, 2014 at 9:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone.  See Local Rule 230(g).

## I.

## BACKGROUND

This action was removed to this Court from the Superior Court of the State of California for the County of Stanislaus on March 25, 2014.  (ECF No. 1.)  On April 1, 2014, Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company filed a motion to dismiss.  (ECF No. 6.)  On April 2, 2014, Defendants Bank of America, N.A., Recontrust Company, N.A., Rosselin Rincon, Loryn Stone and Sunita Narayanan filed a motion to dismiss.  (ECF No. 8.)  The Court granted the motions to dismiss on June 12, 2014.  (ECF No. 32.)

Plaintiffs filed a First Amended Complaint on September 19, 2014.  (ECF No. 41.)  The First Amended Complaint alleges that Plaintiffs were forced out of their home by Defendants, who foreclosed on Plaintiffs' home.  Plaintiffs contend that Defendants failed to explore other options before foreclosing on Plaintiffs' home.  Plaintiffs further contend that the underlying loan agreements and security instruments are void and unenforceable.

The residence at issue is located at 4249 Ellenwood Road in Oakdale, California.  In 2009 and 2010, Plaintiff fell behind on the payments for the house.  Plaintiffs further allege that their loan was securitized and aggregated into a loan pool, with security interests in the loan pool sold to investors.  Plaintiffs contend that Defendants failed to disclose details regarding the securitization of their loan to Plaintiffs.  Plaintiffs further contend that, as a result of the securitization, their mortgage has become unenforceable.

Plaintiffs also contend that Defendants violated California Civil Code § 2923.5 because they failed to explore options with Plaintiffs to avoid foreclosure.  Plaintiffs further contend that

Defendants violated California Civil Code § 2923.6 because they refused to implement a loan modification or workout plan. Plaintiffs allege that Defendants were obligated to implement a loan modification pursuant to Section 2923.6 whereby the principal balance of the loan is reduced to equal the fair market value of the property and the term of the loan is extended to 30 to 40 years at an interest rate of 3 to 4 percent or less. Plaintiff also contends that Defendants violated California Civil Code §§ 2924 and 2923.5 by not giving proper notice to Plaintiffs before attempting to foreclose on their home. Finally, Plaintiff argues that Defendants' actions in securitizing Plaintiffs' loan breached the loan agreement because the loan was transferred to a "non-person" or "non-entity."

The original complaint filed on March 25, 2014 raised federal claims under the Real Estate Settlement Procedures Act ("RESPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). However, the First Amended Complaint filed on September 19, 2014 omitted the federal claims from Plaintiffs' complaint. On September 30, 2014, the Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction. (ECF No. 42.)

On October 6, 2014 and October 7, 2014, Defendants in this action filed two motions to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' fail to state a claim. (ECF Nos. 43, 45.) On November 18, 2014, Plaintiffs filed a motion to remand this action. (ECF No. 51.) A hearing took place on November 19, 2014, and the Court subsequently ordered the parties to file additional briefing. Defendants filed briefs on November 25, 2014. (ECF Nos. 54, 55.)

## II.

## DISCUSSION

The Court must address the question of jurisdiction before the arguments raised in Defendants' motion to dismiss because the Court cannot decide the merits of Defendants' motions to dismiss if the Court lacks subject matter jurisdiction over the action:

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing

the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)).

Under 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "[p]endent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction in the first place, and a 'common nucleus of operative fact' between the state and federal claims." In re Nucorp Energy Securities Litigation, 772 F.2d 1486, 1490 (9th Cir. 1985) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction does not exist if the underlying federal claims "were absolutely devoid of merit or obviously frivolous." Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008); Gilder v. PGA Tour, Inc. 936 F.2d 417, 421 (9th Cir. 1991); see also Hagans v. Lavine, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit...'").

For the reasons expressed in Defendants' prior motions to dismiss and the Court's May 7, 2014 findings and recommendations on the prior motions to dismiss, the Court finds that the federal claims raised by Plaintiffs in their original complaint were absolutely devoid of merit and were obviously frivolous. Accordingly, subject matter jurisdiction over Plaintiffs' state law claims raised in the First Amended Complaint does not exist.

In their briefs filed on November 25, 2014, Defendants argue that supplemental jurisdiction can exist even where the underlying federal claims are dismissed on their merits. However, while this proposition may be true, there is a distinction between a federal claim which is defeated on the merits and a federal claim which was "absolutely devoid of merit or obviously frivolous." "The ultimate lack of merit of a federal claim does not mean that such claim was not substantial for purposes of conferring jurisdiction." Gilder, 936 F.2d at 421 (citing In re Nucorp Energy Securities Litigation, 772 F.2d at 1490). However, a federal claim which is absolutely

4

devoid of merit or obviously frivolous divests the Court of pendent jurisdiction. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citing Gilder, 936 F.2d at 421).

Accordingly, while the Court recognizes that it may have discretion to exercise supplemental jurisdiction in some circumstances where the federal claims are dismissed, there is no such discretion where the federal claims were "devoid of merit or obviously frivolous." Brady, 51 F.3d at 816. Pendent jurisdiction exists only where there is a "sufficiently substantial federal claim to confer federal jurisdiction in the first place." In re Nucorp Energy Securities Litigation, 772 F.2d at 1490.

Since the Court finds that jurisdiction does not exist, the Court may not address the arguments raised in Defendants' motions to dismiss. While the Court is cognizant that remand of this action will only serve to further delay a decision on the merits in this action, this court is simply without jurisdiction to address the claims on the merits.

## III.

## CONCLUSION AND RECOMMENDATION

The Court finds that it lacks jurisdiction over Plaintiffs' claims because the underlying federal claims in this action were absolutely devoid of merit and were obviously frivolous.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand be GRANTED;

2. This action be remanded to state court; and

3. Defendants' motions to dismiss be DENIED.

Further, it is HEREBY ORDERED that the hearing set for December 23, 2014 at 9:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone is VACATED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. At the hearing, Plaintiffs informed the Court that they were traveling outside the country and would not return until December 22, 2014. Accordingly, the Court will grant the parties up to and including January 5, 2015 to file objections to these findings and recommendations. On or before January

5, 2015, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE